UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRICILLA JESSE D.,<br><br>                    Plaintiff,<br><br>v.<br><br>MARTIN O'MALLEY,<br>Commissioner of Social Security,<br><br>                    Defendant. | Case No.: 24-cv-637-DDL<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>**[Dkt. No. 2]** |

      On April 4, 2024, *pro se* Plaintiff Pricilla Jesse D. ("Plaintiff") initiated this action against the Acting Commissioner of Social Security, seeking judicial review of a final adverse decision of the Commissioner. Dkt. No. 1. Plaintiff concurrently filed an application to proceed in this matter *in forma pauperis* ("IFP"), which is presently before the Court. Dkt. No. 2.

      This Court may "authorize the commencement . . . of any suit, action or proceeding, civil or criminal, without prepayment of fees or security therefor" by any person who demonstrates his or her inability to pay such fees. *See* 28 U.S.C. § 1915(a)(1). A party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). Instead, "[a]n affidavit in support of an IFP application is sufficient where it alleges that the affiant

cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015) (citing *Adkins*, 335 U.S. at 339). "[A] plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'" *Id.* (citing *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir.1981)).

Here, Plaintiff avers she has no income and is unable to work. Dkt. No. 2 at 5. Plaintiff receives $291.00 in public assistance but has no other income or assets. *Id*. at 1-4. Based upon the record before it, the Court finds that Plaintiff has adequately demonstrated that she lacks the financial resources to pay the filing fee. Accordingly, plaintiff's Application to Proceed in forma pauperis [Dkt. No. 2] is **GRANTED**.

The Court must dismiss an IFP complaint if it fails to state a claim upon which relief can be granted, is frivolous or malicious, or seeks monetary relief from a defendant who is immune. *See* 28 U.S.C. § 1915(e)(2)(B). Rule 2(b) of the Supplemental Rules for Social Security Actions sets forth additional pleading requirements for a Social Security complaint. *See* Fed. R. Civ. P. SUPP SS Rule 2(b)(1)(A)-(E). Plaintiff has filled out and filed a template complaint, attached to which are an assortment of documents relating to her application for Social Security benefits. Dkt. No. 1. The Court has carefully reviewed Plaintiff's complaint and the attachments to it, and finds the pleading requirements of Rule 2(b)(1)(A)-(E) are met. The Court further finds Plaintiff's complaint states a plausible claim for relief and is neither frivolous nor malicious, and therefore survives screening under 28 U.S.C. § 1915(e)(2)(B).

**IT IS SO ORDERED**.

Dated: May 24, 2024

_David Leshner_

Hon. David D. Leshner
United States Magistrate Judge