UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRICILLA JESSE D.,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>MARTIN O'MALLEY,<br><br>　　　　　　　　　Defendant. | Case No.: 3:24-cv-00637-DDL<br><br>**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE AND FOR FAILURE TO COMPLY WITH COURT ORDER** |

Considering Plaintiff's multiple failures to comply with Court orders and to file her opening brief, the Court hereby **DISMISSES** this case for failure to prosecute.

## I.
## PROCEDURAL HISTORY

On April 4, 2024, Plaintiff filed a complaint against Defendant. Dkt. No. 1. On May 31, 2024, the Court issued an order setting the briefing schedule for judicial review of the Social Security Commissioner's final decision. Dkt. No. 13. Per that order, Plaintiff was required to file an opening brief on or before August 19, 2024. Having not received Plaintiff's opening brief by September 19, 2024, the Court issued an order to show cause. Dkt. No. 14. After Plaintiff responded telephonically, the Court set a status conference on September 25, 2024. Dkt. No. 15. After the status conference, the Court issued an order resetting the briefing schedule and requiring Plaintiff to file her opening brief on or before

October 25, 2024.  Dkt. No. 18.

Having not received Plaintiff's opening brief by November 5, 2024, the Court issued another order to show cause requiring Plaintiff to file a written explanation by not later than November 15, 2024, explaining why her complaint should not be dismissed for failure to file an opening brief and comply with the Court's order.  Dkt. No. 20.  The Court also set an order to show cause hearing by Zoom for November 18, 2024.

Plaintiff did not file a written explanation as required by the second order to show cause.  At the November 18 hearing, Defendant represented to the Court that he had been in contact with Plaintiff as recently as November 15, and that Plaintiff acknowledged receipt of the Court's order and the Zoom meeting information for the hearing.  Plaintiff did not appear at the hearing, did not explain her lack of compliance, and, to date, has not filed her opening brief.

## II.
## DISCUSSION

District courts have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion.  *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992).[1]  The Ninth Circuit has "repeatedly upheld the imposition of the sanction of dismissal for failure to comply with pretrial procedures mandated by local rules and court orders."  *Thompson v. Housing Authority of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  However, because dismissal is such a severe remedy, courts should first weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits. . . (5) the availability of less drastic sanctions;" and (6) whether the court has given the

---

[1] Unless otherwise noted, internal quotation marks, ellipses, brackets, citations, footnotes, and parallel reporter citations are omitted from citations.

plaintiff "warning of imminent dismissal." *Id.* When dismissing a Social Security appeal for failure to prosecute, courts should give "closer focus" to the last two factors. *Oliva*, 958 F.2d at 274.

The imposition of dismissal as a sanction is appropriate here. The public's interest in expeditious resolution, the court's need to manage its docket, and the risk of prejudice to the defendant indisputably weigh in favor of dismissal. The policy favoring disposition of cases on their merits indisputably weighs against it. The Court next turns to the "closer focus" it should pay to the final two factors identified above. *Oliva*, 958 F.2d at 274. First, the Court has considered less drastic alternatives and found them insufficient to move the case forward. After Plaintiff failed to timely file an opening brief by September 19, the Court both set a status conference to allow Plaintiff to be heard and *sua sponte* continued her deadline to file an opening brief by 30 days. After Plaintiff again failed to timely file her opening brief in line with that new deadline, the Court afforded Plaintiff another opportunity to explain her lack of compliance with Court order and set a further hearing. Plaintiff did not explain, nor did she attend the hearing. Second, the Court has warned Plaintiff that failure to comply with Court orders and to file her opening brief may result in dismissal. *See* Dkt. No. 14 ("<u>Plaintiff is advised that a failure to timely respond to this Order to Show Cause may result in the issuance of a final order dismissing the action.</u>"); Dkt. No. 20 (same). Thus, all but one of the factors weigh in favor of dismissal here.

## III.
## CONCLUSION

For the foregoing reasons, this case is hereby **DISMISSED**.

**IT IS SO ORDERED.**

Dated: November 19, 2024

_____
Hon. David D. Leshner
United States Magistrate Judge